Blair E. Kaminsky (*pro hac vice* forthcoming)
Benjamin F. Heidlage (*pro hac vice* forthcoming)
Neil R. Lieberman (*pro hac vice* forthcoming)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Telephone:    (646) 837-5151
Email: bkaminsky@hsgllp.com
bheidlage@hsgllp.com
nlieberman@hsgllp.com

Mark D. Plevin (State Bar No. 146278)
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, California  94104
Telephone:    (202) 580-6640
Email: mplevin@plevinturner.com

Miranda H. Turner (admitted *pro hac vice*)
Jordan A. Hess (admitted *pro hac vice*)
PLEVIN & TURNER LLP
1701 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C.  20004
Telephone:    (202) 5809-6640
Email: mturner@plevinturner.com,
jhess@plevinturner.com

Alexander Potente (State Bar No. 208240)
Jason J. Chorley (State Bar No. 263225)
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California  94111
Telephone:    (415) 365-9800
Email: alex.potente@clydeco.us,
jason.chorley@clydeco.us

Attorneys for CENTURY INDEMNITY COMPANY, PACIFIC INDEMNITY COMPANY, and WESTCHESTER FIRE INSURANCE COMPANY

[additional counsel listed in signature blocks below]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>Debtor and<br>Debtor in Possession.<br><br>———————————————<br><br>CENTURY INDEMNITY COMPANY, *et al.*,<br><br>Appellants.<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, *et al.*,<br><br>Appellees. | Case No. 3:26-cv-02863-AMO<br><br>Bankruptcy Case No. 23-30564<br><br>**CERTAIN INSURERS' REPLY IN SUPPORT OF MOTION FOR LEAVE (TO THE EXTENT NECESSARY) TO APPEAL FROM ORDER DENYING RULE 2004 APPLICATION BY CERTAIN INSURERS** |

# TABLE OF CONTENTS

I.  Argument ........................................................................................................................2

    A.  The bankruptcy court's Rule 2004 Order is a final order under *Ritzen*....................................2

    B.  Regardless, leave to appeal the Rule 2004 Order is warranted..................................................4

Case No. 3:26-cv-02863-AMO

REPLY

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## CASES

*In re Dinubilo,*

177 B.R. 932 (E.D. Cal. 1993)........................................................................... 3, 4

*In re Farris-Ellison,*

2015 WL 5306600 (Bankr. C.D. Cal. Sept. 10, 2015)...................................... 4

*In re Mastro,*

585 B.R. 587 (B.A.P. 9th Cir. 2018) ................................................................ 4

*In re Norrie,*

2016 WL 6407839 (B.A.P. 9th Cir. Oct. 26, 2016) ........................................ 3, 4

*Ritzen Grp., Inc. v. Jackson Masonry, LLC,*

589 U.S. 35 (2020) .......................................................................... 1, 2, 3

## STATUTES

11 U.S.C. § 362............................................................................................3

## RULES

Federal Rules of Bankruptcy Procedure Rule 2004 ........................................ 5

Case No. 3:26-cv-02863-AMO REPLY

Insurers[1] submit this reply in further support of their Notice of Appeal and a Motion for Leave to Appeal (to the extent necessary) (Dkt. 1652, "Insurers' Leave Motion") the bankruptcy court's order (Dkt. No. 1642, the "Rule 2004 Order") denying Insurers' request for authorization to conduct discovery pursuant to Bankruptcy Rules 2004 and 9016 and Local Bankruptcy Rule 2004-1(a) (Dkt. No. 1569, the "Rule 2004 Application").[2] Debtor filed a statement of no position in response to Insurers' Leave Motion (Dkt. No. 1674), while the Official Committee of Unsecured Creditors (the "Committee") opposed Insurers' Leave Motion (Dkt. No. 1684).

Through their Rule 2004 Application, Insurers sought information needed to evaluate and respond to purported "within limits" settlement demand letters that were issued by claimants after the bankruptcy court modified the automatic stay to allow claimants' counsel to send demand letters to the Debtor to be forwarded to insurers. The bankruptcy court's denial of the Rule 2004 Application is a final order under the standard set out by the Supreme Court in *Ritzen Group* because it finally determines a discrete issue.[3] Even if this Court were to disagree, leave to appeal is merited and the Committee's efforts to shield the bankruptcy court's order from review should be rejected.

The bankruptcy court lifted the automatic stay to permit claimants to issue the demands at the request of the Committee and the Debtor, who argued that doing so would further an ongoing mediation and advance a global resolution of this bankruptcy case because it would "put Insurers at risk of state-law consequences for refusing to reasonably settle cases."[4] At the time, the Committee told the bankruptcy court that Insurers could always seek more information, if needed, to assess the demands, as a way to persuade the court to overrule Insurers' objection to

---

[1] "Insurers" include Century Indemnity Company, Pacific Indemnity Company, Westchester Fire Insurance Company, Continental Casualty Company, St. Paul Fire and Marine Insurance Company, Travelers Casualty and Surety Company, Westport Insurance Corporation, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies, and Appalachian Insurance Company.

[2] References to "Dkt. No." refer to the Bankruptcy Court docket, Case No. 23-30564 (Bankr. N.D. Cal.).

[3] *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38-40 (2020).

[4] Committee Reply in Support of Debtor's Motion, Dkt. No. 1315 at 5.

-1-

the lift-stay motion.[5]  In response to receiving claimant demands, the Insurers brought the Rule 2004 Application to request information needed to support their evaluation of the demands and provide a response.  The Rule 2004 Application is not an attempt to "harass" a claimant, nor is it unrelated to the bankruptcy case;[6] rather it is part of Insurers' good faith efforts to respond to the settlement demand letters which they received from claimants after the bankruptcy authorized their issuance.

## I.    Argument

### A.  The bankruptcy court's Rule 2004 Order is a final order under *Ritzen*

In *Ritzen*, the Supreme Court held that orders in bankruptcy cases are final and "immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case."[7]  The Rule 2004 Order fits that bill and the Committee's arguments do not move the needle.

The Committee contends that the Rule 2004 Order is not a final order because, unlike a stay relief motion (at issue in *Ritzen*), "[a] Rule 2004 application is not a self-contained proceeding with its own beginning, middle, and end" but, rather, "is a discretionary procedural tool in aid of the larger case."[8]  That might be true of certain discovery motions made in the context of adversary proceedings or contested matters filed within a bankruptcy case, but it's not true here. A Rule 2004 application is, by definition, a standalone procedure because it is not connected to a broader controversy, like an adversary proceeding or contested matter.[9]  Just like a stay motion, a Rule 2004 application "initiates a discrete procedural sequence, including notice and a hearing, and the [moving party's] qualification for relief turns on the statutory standard," rather than "state

---

[5]    *See id.* at 4 ("The Insurers cannot effectively participate in mediation if they have not investigated the claims at issue . . . If the Insurers need additional information to respond, so be it").

[6]    *Contra* Dkt. No. 1684 at 2, 8-9.

[7]    *Ritzen*, 589 U.S. at 35 (internal quotation marks, brackets, and ellipses omitted).

[8]    Dkt. No. 1684 at 4.

[9]    *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993) ("The case law uniformly holds that where a contested matter is pending, sworn testimony should be obtained via a Rule 7030 deposition rather than a Rule 2004 examination").

-2-

substantive law."[10] Indeed, the Committee's characterization of a stay relief motion, presented as a point of distinction, only highlights the similarity to a Rule 2004 Application.[11]

The Rule 2004 Order also "conclusively resolve[s] the relevant proceeding" that was initiated by the Rule 2004 Application.[12] Because Rule 2004 discovery is standalone, the court's denial of the Rule 2004 Application definitively settled the dispute. There is no larger matter that, if appealed when concluded, would create an opportunity to appeal the Rule 2004 Order. If the Rule 2004 Order is not final now, "there [is] no other clear time at which . . . [it] could or would become final."[13] On that basis, the Ninth Circuit Bankruptcy Appellate Panel has held that contempt orders to enforce Rule 2004 orders are final and immediately appealable because Rule 2004 discovery is not connected to "another pending adversary proceeding or contested

---

[10] The Committee suggests that because the Bankruptcy Code affords the presiding judge discretion to grant or deny the application, a Rule 2004 determination is not governed by a statutory standard. Dkt. No. 1684 at 4. This argument has no merit. Most provisions of the Code are a mix of statutory parameters and judicial discretion—including the provision at issue in *Ritzen*. 11 U.S.C. § 362(d) (providing that a court shall grant relief from the automatic stay under a variety of circumstances, including broadly "for cause"). Bankruptcy Rule 2004 is no different; it sets out permissible categories of examinations and otherwise grants the court discretion to approve or deny the application. In any event, the only distinction drawn in *Ritzen* was between orders that are governed by the Bankruptcy Code and orders that are governed by *state substantive law*—judicial discretion was never mentioned. *Cf. Ritzen*, 589 U.S. at 43.

[11] *See* Dkt. No. 1684 at 4 (noting that a stay relief motion is one that "initiates a self-contained, bounded procedural sequence defined entirely by statute, with its own specific standard of decision, its own notice requirements, and a ruling that conclusively determines the movant's right to act outside bankruptcy going forward."). Almost all of these characteristics can be ascribed to the Rule 2004 Application, apart from the purpose of the motion (to determine the movant's right to act outside of bankruptcy), which is, naturally, different and was never cited by the *Ritzen* court as a requirement for a final order.

[12] *Ritzen*, 589 U.S. at 41 (internal quotation marks omitted).

[13] *In re Norrie*, 2016 WL 6407839, at *8 (B.A.P. 9th Cir. Oct. 26, 2016) (holding that contempt order to enforce Rule 2004 order is final and immediately appealable because Rule 2004 discovery "is a stand-alone matter").

-3-

matter."[14] The same logic indicates that Rule 2004 Orders themselves are final under *Ritzen* and the Committee does not cite any post-*Ritzen* authority to the contrary.[15]

Because *Ritzen* applies, the Committee is left with straw men and far-fetched slippery-slope arguments. If a Rule 2004 Order is deemed final, the Committee warns, "every denied discovery motion in every bankruptcy case" is necessarily also final, thereby "open[ing] the floodgates to piecemeal appeals" and "destroy[ing]" "the efficiency of the bankruptcy system."[16] Insurers have not suggested that all discovery rulings issued in adversary proceedings or contested matters would be final. Rather, and contrary to regular discovery motions, "[b]y its very nature, discovery conducted under Rule 2004 is a stand-alone matter."[17]

### B. Regardless, leave to appeal the Rule 2004 Order is warranted

Even if this Court finds the Rule 2004 Order is interlocutory, however, it should grant leave to appeal. The Committee's opposition amounts to conclusory statements that the elements of the test for leave to appeal are not met. The Committee fails to engage with Insurers' arguments for leave and its arguments are unsupported and contradicted by its prior statements.

*First*, the Committee primarily contends that the appeal does not involve a controlling question of law because "[t]he resolution of this bankruptcy case turns on the mediation and ultimately a confirmable plan," rather than Insurers' ability to conduct the discovery needed to support their evaluation of, and provide a response to, the demand letters.[18] But the Committee fails to grapple with its prior representations to the bankruptcy court that lifting the stay to authorize claimants to serve settlement demands on Insurers would advance the resolution of the

---

[14] *Id.*

[15] The Ninth Circuit Bankruptcy Appellate Panel's statement that it is "unclear" whether Rule 2004 Orders are final was made pre-*Ritzen*; the Committee has not identified any similar statement post-*Ritzen*. *Cf. In re Mastro*, 585 B.R. 587, 599 n.17 (B.A.P. 9th Cir. 2018).

[16] Dkt. No. 1684 at 5.

[17] *In re Norrie*, 2016 WL 6407839, at *8 (citing *In re Dinubilo*, 177 B.R. at 943 and *In re Farris-Ellison*, 2015 WL 5306600, at *3 (Bankr. C.D. Cal. Sept. 10, 2015)) (explaining that Rule 2004 discovery is distinct from discovery in pending adversary proceedings or contested matters in bankruptcy court, which proceedings adopt "various discovery provisions of the Federal Rules of Civil Procedure" and where "Rule 2004 should not be used") (quotation marks and citation omitted).

[18] Dkt. No. 1684 at 7.

-4-

bankruptcy case.[19]  Plainly then, the 2004 Order could materially affect the outcome of litigation in the bankruptcy court.

*Second*, there are substantial grounds for difference of opinion as to the outcome of the Rule 2004 Order because Insurers' request pertains to demands, authorized to be sent by the bankruptcy court, that Insurers pay Debtor's liabilities—a matter that falls squarely within the text of Rule 2004.[20]  Again, the Committee previously took the position that claimants' ability to *issue* the demands bears directly on the outcome of the bankruptcy case.[21]  When Insurers objected that they lacked sufficient information to evaluate such demands,[22] the Committee acknowledged that "[t]he Insurers cannot effectively participate in mediation if they have not investigated the claims at issue" and told the court: "[i]f the Insurers need additional information to respond, so be it."[23]  Now, the Committee asserts that Insurers have all the information they need and, if they don't, that is a "private coverage" matter unrelated to the bankruptcy proceeding.[24]  The Committee cites no authority holding that Insurers, as parties in interest, are *not* entitled to conduct discovery of claimants or their lawyers under Rule 2004, whereas Insurers cited several cases supporting their request.[25] Finally, the Committee asserts that the bankruptcy court held that

---

[19]  *See* Dkt. No. 1315 at 4 (arguing that demand letters "are appropriate to . . . advance a global resolution that includes the Insurers"); Dkt. No. 1285 at 2, 9 (Debtor, in its motion filed "with the support of the [Committee]," argued that modifying the stay to permit demand letters to be issued "will assist in facilitating the mediation process").

[20]  Bankruptcy Rules 2004 (b)(1)(B) (examination may relate to "the debtor's liabilities"), 2004(b)(1)(C) ("any matter that may affect the administration of the debtor's estate"), 2004(b)(2)(C) ("any other matter relevant to the case or to formulating a plan").

[21]  Dkt. No. 1315 at 4.

[22]  Dkt. No. 1302 at 14.

[23]  Dkt. No. 1315 at 4.  The Committee asserted that the demand letters would further resolution of the case specifically because the demands would "put Insurers at risk of state-law consequences for refusing to reasonably settle cases." *Id.*

[24]  *Cf.* Dkt. No. 1684 at 8.

[25]  *See, e.g.*, Dkt. No. 1569 at 6 n.19 (citing cases holding that Rule 2004 examinations may be conducted by a party in interest, and that third parties may be subject to such examinations), 11 n.36-37 (citing authorities holding that a lawyer who signs a proof of claim may become a fact witness because a proof of claim is evidentiary in nature, and therefore distinct from pleadings such as complaints).

-5-

"the pending proceeding rule independently bars the requested discovery," but the court's Rule 2004 Order actually says nothing of the sort.[26] Indeed, in its order referring the case to mediation, the bankruptcy court expressly preserved the rights of the mediation parties to seek discovery under Rule 2004.[27]

*Third*, if the Court were to credit the Committee's own prior assertions, granting leave to appeal will materially advance the termination of the bankruptcy case. Mediation has been ongoing for nearly two years without resolution.[28] The Committee previously told the bankruptcy court the demand letters would "advance a global resolution that includes the Insurers."[29] Now, when Insurers have sought information needed to support the evaluation of and response to those demands, the Committee backtracks and suggests the mediation will resolve itself quickly with or without them.[30] Even more spurious is the Committee's assertion that leave should be denied because two other adversary proceedings and a separate appeal are also ongoing.[31] It goes without saying that the existence of other proceedings does not warrant denying leave to appeal where, as here, leave is warranted.

---

[26]     *See generally* Dkt. No. 1642.

[27]     Dkt. No. 747 at 6 ("[N]othing in this Order shall limit a party's right to seek an order under Bankruptcy Rule 2004 compelling the production of documents").

[28]     Notably, the Committee cites no evidence in support of its incorrect contention that the insurers need to "engage[ ] more seriously with the mediation process that the Bankruptcy Court ordered and continues to supervise." Dkt. No. 1684 at 12.

[29]     Dkt. No. 1315 at 4.

[30]     Dkt. No. 1684 at 11 (asserting without basis that leave to appeal should not be granted because the appeal will "most likely . . . be entirely moot before it is ever decided.").

[31]     Dkt. No. 1684 at 12. Most Insurers are not even party to the two insurer adversary proceedings, which involve only Westport Insurance Corp., Traveler's Casualty and Surety Co., and St. Paul Fire and Marine Insurance Co. And while the Committee points to the two insurer adversary proceedings in support of its claim that "[t]hese are the actions of parties seeking every possible avenue to avoid their coverage obligations", *id.* at 3, the Committee ignores that the bankruptcy court just approved a settlement for two abuse claims that are being funded by Westport, Travelers and Appalachian. *See* Order Granting Debtor's Motion to Compromise and Settlement Agreement with John SF-1 Doe and John Doe SF-1013 (Dkt. No. 1672). Moreover, the Committee fails to mention that the Debtor has moved to stay or dismiss the Westport coverage case. *See Westport Insurance Corp. v. The Roman Catholic Archbishop of San Francisco, et al.*, Case No. 3:25-cv-09314-RFL (N.D. Cal.) (Dkt. No. 47).

-6-

## II. Conclusion

The Court should deny the Insurers' Leave Motion as moot because the Rule 2004 Order is a final order and leave to appeal is not necessary. In the alternative, if the Court determines the Rule 2004 Order is interlocutory, it should grant leave to appeal.

Dated: April 7, 2026                    Respectfully submitted,

By:    */s/ Jason J. Chorley*

Jason J. Chorley (State Bar No. 263225)
Alexander Potente (State Bar No. 208240)
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California  94111
Telephone:      (415) 365-9800
Email:  jason.chorley@clydeco.us,
alex.potente@clydeco.us

Mark D. Plevin (State Bar No. 146278)
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, California  94104
Telephone:      (202) 580-6640
Email: mplevin@plevinturner.com

Miranda H. Turner (admitted *pro hac vice*)
Jordan A. Hess (admitted *pro hac vice*)
PLEVIN & TURNER LLP
1701 Pennsylvania Avenue, N.W., 2d Floor
Washington, D.C.  20006
Telephone:      (202) 580-6640
Email: mturner@plevinturner.com,
jhess@plevinturner.com

Blair E. Kaminsky (*pro hac vice* forthcoming)
Benjamin F. Heidlage (*pro hac vice* forthcoming)
Neil R. Lieberman (*pro hac vice* forthcoming)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Telephone:      (646) 837-5151
Email: bkaminsky@hsgllp.com
bheidlage@hsgllp.com
nlieberman@hsgllp.com

*Attorneys for Century Indemnity Company (as
successor to CCI Insurance Company, as successor to*

-7-

*Insurance Company of North America), Pacific Indemnity Company, and Westchester Fire Insurance Company (as successor in interest to Industrial Underwriters Insurance Company for policies JU835-8355 and JU895-0964)*

Joshua Haevernick (State Bar No. 308380)
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, California 94612
Telephone:      (415) 882-5000
Email: joshua.haevernick@dentons.com

Patrick C. Maxcy (admitted *pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone:      (312) 876-8000
Email: patrick.maxcy@dentons.com

Andrew D. Telles Wyatt (State Bar No. 316740)
DENTONS US LLP
4675 MacArthur Court, Suite 1250
Newport Beach, California  92660
Telephone:      (949) 732-3700
Email: andrew.wyatt@dentons.com

*Attorneys for St. Paul Fire and Marine Insurance Company and Travelers Casualty and Surety Company*

Mark D. Plevin (State Bar No. 146278)
PLEVIN & TURNER LLP
580 California Street, Suite 1200
San Francisco, California  94104
Telephone:      (202) 580-6640
Email: mplevin@plevinturner.com

Miranda H. Turner (admitted *pro hac vice*)
Jordan A. Hess (admitted *pro hac vice*)
PLEVIN & TURNER LLP
1701 Pennsylvania Avenue, N.W., 2d Floor
Washington, D.C.  20006
Telephone:      (202) 580-6640
Email: mturner@plevinturner.com,
jhess@plevinturner.com

*Attorneys for Continental Casualty Company*

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
Blaise S. Curet (bcuret@spcclaw.com)
2001 Addison Street, Suite 110

-8-

Berkeley, California 94704
Telephone:        (415) 352-6200

LAW OFFICE OF ROBIN D. CRAIG
Robin D. Craig (rdcraig@rcraiglaw.com)
6114 La Salle Ave., No. 517
Oakland, California 94611
Telephone:        (510) 549-3310

PARKER, HUDSON, RAINER & DOBBS LLP
Harris B. Winsberg (hwinsberg@phrd.com)
Matthew M. Weiss (mweiss@phrd.com)
Matthew G. Roberts (mroberts@phrd.com)
303 Peachtree Street NE, Suite 3600
Atlanta, Georgia  30308
Telephone:        (404) 523-5300

PARKER, HUDSON, RAINER & DOBBS LLP
Todd Jacobs (tjacobs@phrd.com)
John E. Bucheit (jbucheit@phrd.com)
Two N. Riverside Plaza, Suite 1850
Chicago, Illinois  60606
Telephone:        (312) 477-3306

*Attorneys for Westport Insurance Corporation f/k/a Employers Reinsurance Corporation*

PAKER, HUDSON, RAINER & DOBBS LLP
Harris B. Winsberg (admitted *pro hac vice*)
Matthew M. Weiss (admitted *pro hac vice*)
Matthew G. Roberts (admitted *pro hac vice*)
R. David Gallo (admitted *pro hac vice*)
303 Peachtree St NE, Suite 3600 Atlanta, Georgia 30308
Telephone:        (404) 523-5300
Email: hwinsberg@phrd.com
mweiss@phrd.com
mroberts@phrd.com
dgallo@phrd.com

PAKER, HUDSON, RAINER & DOBBS LLP
Todd C. Jacobs (admitted *pro hac vice*)
John E. Bucheit (admitted *pro hac vice*)
Two N. Riverside Plaza, Suite 1850 Chicago, Illinois 60606
Telephone:        (312) 477-3305
Email: tjacobs@phrd.com
jbucheit@phrd.com

ROBINS KAPLAN LLP
Christina M. Lincoln (SBN 274352)
2121 Avenue of the Stars, Suite 2800 Los Angeles, California 90067
Telephone:        (310) 552-0130
Email: clincoln@robinskaplan.com

-9-

ROBINS KAPLAN LLP
Melissa M. D'Alelio (*pro hac vice* forthcoming)
Taylore E. Karpa Schollard (*pro hac vice* forthcoming)
Michele N. Detherage (*pro hac vice* forthcoming)
800 Boylston Street, Suite 2500 Boston, Massachusetts 02199
Telephone:        (617) 267-2300
Email: mdalelio@robinskaplan.com
tkarpa@robinskaplan.com
mdetherage@robinskaplan.com

*Attorneys for Appalachian Insurance Company*


SKARZYNSKI MARICK & BLACK LLP
Jeff D. Kahane (jkahane@skarzynski.com)
Russell W. Roten (rroten@skarzynski.com)
Nathan Reinhardt
(nreinhardt@skarzynski.com)
Timothy Evanston
(tevanston@skarzynski.com)
633 W. Fifth Street, 26th Floor
Los Angeles, California 90071
Telephone:        (213) 721-0650

CLYDE & CO US LLP
Catalina J. Sugayan
(catalina.sugayan@clydeco.us)
55 W. Monroe Street, Suite 3000
Chicago, Illinois 60606
Telephone:        (312) 635-7000

*Attorneys for Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies*[32]

---

[32]     Certain London Market Insurance Companies include Catalina Worthing Insurance Ltd f/k/a HFPI (as Part VII transferee of Excess Insurance Co. Ltd.); the Ocean Marine Insurance Company Limited (as Part VII transferee of the World Auxiliary Insurance Corporation Limited); River Thames Insurance Company Limited; Dominion Insurance Company Limited; Companhia de Seguros Fidelidade-Mundial f/k/a Fidelidade Insurance Company of Lisbon; and R&Q Gamma Company Limited (as Part VII transferee of Anglo French Ltd.).

-10-