UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO | Case No.  26-cv-02863-RFL<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL**<br><br>Re: Dkt. No. 1 |

Appellants are several insurers of the Roman Catholic Archbishop of San Francisco ("RCASF").  The bankruptcy court denied Appellants' motion to serve Fed. R. Bankr. P. 2004 discovery requests upon sexual abuse survivors who tendered demand letters to Appellants through RCASF.  Appellants contend that the bankruptcy court's order is final and therefore subject to appeal as of right.  In the alternative, Appellants seek leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3).  RCASF takes no position on Appellants' motion, while the Official Committee of Unsecured Creditors opposes.  For the reasons stated below, Appellants' motion is **DENIED**, and this appeal is **DISMISSED**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Finality.***  Finality is a broader concept in bankruptcy than it is in other civil litigation. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020).  Orders are subject to immediate appeal if they "finally dispose of discrete disputes within the larger [bankruptcy] case." *Id.* at 39 (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).  But those resolving "disputes over minor details about how a bankruptcy case will unfold" remain interlocutory. *Id.* at 44.  Even many Rule 9014 contested matters involve "minor

1

disagreements." *Bullard*, 575 U.S. at 505.  It is unsettled where orders denying Rule 2004 examinations fall in this spectrum.  *In re Mastro*, 585 B.R. 587, 599 n.17 (B.A.P. 9th Cir. 2018) (citing *In re Lynch*, 544 B.R. 444, 448 (B.A.P. 10th Cir. 2016)).

The order here is interlocutory, not final.  It denied Appellants the use of Rule 2004 because "mediation [and] the claims objection process are still available," implying that the denial was without prejudice and that the motion could be renewed.  (*See* Dkt. No. 1-1 at 15.)[1] That is not an order that "alters the status quo and fixes the rights and obligations of the parties" or "left nothing more for the Bankruptcy Court to do in that proceeding."  *See Ritzen*, 589 U.S. at 42, 47.  The balance of courts considering appealed Rule 2004 orders agree.  *See, e.g.*, *In re Bussman*, No. 23-MC-00011-AA, 2023 WL 1771105, at *2 (D. Or. Jan. 20, 2023) (considering denied Rule 2004 motion); *Off. Comm. of Equity Sec. Holders v. Sorrento Therapeutics, Inc.*, No. 24-CV-00031, 2025 WL 933723, at *4 (S.D. Tex. Mar. 27, 2025) (same); *Mitchell Vogel v. Palmer, Tr. of Est. of Mitchell-Smith*, No. 23-CV-02307-JRR, 2024 WL 3424077, at *2 (D. Md. July 16, 2024) (considering granted Rule 2004 motion and collecting cases); *In re Bestwall, LLC*, 99 F.4th 679, 686 (4th Cir. 2024) (considering Rule 2004 sanctions and contempt order).  Even assuming some orders touching Rule 2004 are final, this is not one.  *Cf. In re Stasz*, 387 B.R. 271, 275–76 (B.A.P. 9th Cir. 2008) (holding Rule 2004 sanctions and contempt order was final).

***Interlocutory Appeal Requirements.***  Leave to appeal under 28 U.S.C. § 158(a)(3) is considered under the same standard as leave to appeal interlocutory district court orders.  *Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614 B.R. 344, 351 (N.D. Cal. 2020).  Thus, there must be (1) "a controlling question of law"; (2) "substantial ground for difference of opinion" as to that question; and (3) a likelihood that "an immediate appeal . . . may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

This stringent standard is not met.  First, Appellants do not raise a controlling question of law.  The question they seek to raise is "[w]hether the bankruptcy court erred when it denied

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

Appellants' Rule 2004 Application for authorization to conduct discovery . . . so that Insurers could obtain information needed to evaluate and respond to the Demand Letters." (Dkt. No. 1-2 at 48.) That is a mixed question of law and fact not suitable for interlocutory review. *See ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1132 (9th Cir. 2022).

Even assuming otherwise, Appellants do not explain how there are substantial grounds for difference of opinion as to that question. They only cite the text of Rule 2004 and the general proposition that "[t]he scope of a 2004 examination is 'unfettered and broad.'" *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011). Appellants contend that some bankruptcy courts have treated attorneys who sign proofs of claim for their clients as fact witnesses for purposes of Rule 2004 discovery. (*See* Dkt. No. 1-1 at 14.) But the bankruptcy court here did not rest its decision on that basis alone, instead holding that Rule 2004 discovery was inappropriate while mediation and the claims objection process are still available. (*See id.* at 15.) That is the same approach other bankruptcy courts have taken when confronted with a similar issue. *See In re The Roman Cath. Bishop of Santa Rosa*, No. 23-10113-CN, Dkt. No. 1834 (Bankr. N.D. Cal. Mar. 6, 2026).

***Conclusion.*** The appealed order is interlocutory, and Appellants' motion for leave to appeal is **DENIED**. Accordingly, the appeal is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: April 28, 2026

RITA F. LIN
United States District Judge